**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

AMERICAN EMPLOYERS' INSURANCE :
COMPANY, as subrogee of College Book :
Stores of America : **Civil Action No. 05-63**
One Beacon Street :
Boston, MA 02108 :
 :
  Plaintiff, :
 :
  v. : **JURY TRIAL DEMANDED**
 :
T.A. RIETDORF & SONS, INC. :
P.O. Box 1528 :
Wilmington, DE 19899 :
 :
  Defendant. :

**MOTION TO DISMISS**

COMES NOW, T.A. Rietdorf & Sons, Inc. (hereinafter "Rietdorf") by and through its undersigned counsel and hereby moves this Honorable Court to dismiss this action against it pursuant to Fed. R. Civ. P 12(b)(6).  In support of its Motion, Rietdorf asserts the following:

1. On March 26, 2004, Plaintiff American Employers' Insurance Co. (hereinafter "American") filed an Amended Complaint against SPX Corporation, et. al. (hereinafter "Defendants") as subrogee of College Book Stores of America (hereinafter "College Book Stores").  American insured the property of College Book Stores located at Widener University in Wilmington, Delaware. This property was damaged as a result of a fire on March 29, 2002.  American seeks reimbursement of the amount it paid College Book Stores pursuant to its insurance policy.

2. On June 18, 2004, Defendants filed a Third Party Complaint against Rietdorf alleging that Rietdorf was solely liable to American or jointly and severally liable with the Defendants or liable to

the Defendants for indemnification and/or contribution for the cause of action set forth in American's

Amended Complaint.

3.     Thereafter, on February 4, 2005, American filed the cause of action which is the subject

matter of this Motion to Dismiss.  In this cause of action, American alleges that Rietdorf is responsible

for the amount American paid pursuant to its insurance policy with College Book Stores.

4.     The purpose of a motion to dismiss under Rule 12(b)(6) is to test the sufficiency of the

complaint.  McConnell v. Applied Performance Technologies, 2002 WL 483540 (S.D. Ohio).  "This

rule permits courts to dismiss meritless cases which would otherwise waste judicial resources and result

in unnecessary discovery."  Id. at *2.

5.     American's Complaint should be dismissed because it should have amended its

complaint in the original action pursuant to Rule 14(a).  In the alternative, American's claim against

Rietdorf is a compulsory counterclaim and should have been filed pursuant to Rule 13(a) in the original

action.  Rietdorf's discussion in support of these arguments is set forth in its Memorandum of Law in

Support of its Motion to Dismiss, which is attached hereto.

WHEREFORE, Defendant T.A. Rietdorf & Sons, Inc. respectfully requests that this Honorable

Court grant its Motion to Dismiss Plaintiff American Employers' Insurance Co.'s Complaint pursuant to

Rule 12(b)(6).

                                        **CHRISSINGER & BAUMBERGER**

                                        /s/ David L. Baumberger
                                        David L. Baumberger, Esquire
                                        Attorney I.D. #2420
                                        Three Mill Road, Suite 301
                                        Wilmington, DE  19806
                                        (302)777-0100
DATED:  May 12, 2005                     Attorney for Defendant