UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| AMERICAN EMPLOYERS' INSURANCE COMPANY, as subrogee of College Book Stores of America<br>One Beacon Street<br>Boston, MA 02108 | :<br>:<br>:<br>:<br>: | **Civil Action No. 05-63** |
| Plaintiff, | :<br>: | |
| v. | : | **JURY TRIAL DEMANDED** |
| T.A. RIETDORF & SONS, INC.<br>P.O. Box 1528<br>Wilmington, DE 19899 | :<br>:<br>:<br>: | |
| Defendant. | : | |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS**

 

**CHRISSINGER & BAUMBERGER**

**/s/ David L. Baumberger**
**DAVID L. BAUMBERGER, ESQUIRE**
Attorney I.D. No. 2420
Three Mill Road, Suite 301
Wilmington, DE 19806
(302) 777-0100
Attorney for Defendant

Dated: May 12, 2005

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| AMERICAN EMPLOYERS' INSURANCE COMPANY, as subrogee of College Book Stores of America<br>One Beacon Street<br>Boston, MA 02108 | :<br>:<br>:<br>:<br>:<br>: | **Civil Action No. 05-63** |
| Plaintiff, | :<br>: | |
| v. | : | **JURY TRIAL DEMANDED** |
| T.A. RIETDORF & SONS, INC.<br>P.O. Box 1528<br>Wilmington, DE 19899 | :<br>:<br>:<br>: | |
| Defendant. | : | |

**MEMORANDUM OF LAW IN SUPPORT OF**
**DEFENDANT'S MOTION TO DISMISS**

American Employers' Insurance Co. (hereinafter "American") filed its Amended Complaint against SPX Corporation, et.al. in <u>American Employers' Insurance Co. v. SPX Corporation, et al. v. T.A. Rietdorf & Sons, Inc.</u>, C.A. No. 04-0178 SLR, on March 26, 2004. American filed suit against SPX Corporation, et. al. (hereinafter "Defendants") as subrogee of College Book Stores of America (hereinafter "College Book Stores") in order to recover the amount paid pursuant to College Book Stores' insurance policy with American as a result of a fire which occurred on March 29, 2002, at one of College Books Stores' locations. American claimed, *inter alia*, that the Defendants' alleged negligence proximately caused the fire.

On June 18, 2004, the Defendants filed a Third Party Complaint against T.A. Rietdorf & Sons, Inc. (hereinafter "Rietdorf") alleging that Rietdorf was solely liable to the plaintiff or jointly and severally liable with the Defendants or liable to the Defendants for indemnification and/or contribution for the

cause of action set forth in American's Amended Complaint. Defendants claimed Rietdorf was liable under theories of negligence, breach of contract and breach of express and implied warranties.

On February 4, 2005, American filed a separate action, <u>American Employers' Insurance Co. v. T.A. Rietdorf & Sons, Inc.</u>, C.A. No. 05-63 initiating a direct claim against Rietdorf in order to recover the amount paid under its insurance policy with College Book Stores as a result of the March 29, 2002 fire. American alleged that Rietdorf was liable for breach of contract and breach of express and implied warranties.

American should have filed a motion to amend its Complaint in order to assert a direct claim against Rietdorf in <u>American Employers' Insurance Co. v. SPX Corporation, et al. v. T.A. Rietdorf & Sons, Inc.</u>, C.A. No. 04-0178 SLR. According to Rule 14(a): "The plaintiff may assert any claim against the third-party defendant arising out of the transaction or occurrence that is the subject matter of the plaintiff's claim against the third-party plaintiff…" FED. R. CIV. P. 14(a). Furthermore, Rule 15(c) provides that "[a]n amendment of a pleading related back to the date of the original pleading when…(2) the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading…" FED. R. CIV. P. 15(c).

Thus, American could have filed a motion to amend its complaint as the allegations made by American in its Complaint against Rietdorf stem from the same transaction and occurrence, e.g. the fire on March 29, 2002, that is the subject matter of <u>American Employers' Insurance Co. v. SPX Corporation, et al. v. T.A. Rietdorf & Sons, Inc.</u>, C.A. No. 04-0178 SLR. Furthermore, both actions are based upon the same theories of liability. While the provisions of Rule 14(a) are not compulsory, the interest of judicial economy and efficiency are furthered by dismissing American's Complaint against Rietdorf, thereby requiring American to file a claim against Rietdorf pursuant to Rule 14(a) in the original

action. In J. Lyons & Co. Ltd. v. Republic of Tea, Inc. v. Conopco, Inc. v. Interport National Corp, 892 F. Supp. 486 (S.D.N.Y. 1995), the District Court stated, "[w]hile the filing of the compulsory counterclaim in a separate action is not a violation of Rule 13(a), it does contravene the purpose of the Rule in that it creates a multiplicity of actions, wastes judicial resources, and unduly burdens the litigation process." Id. at 489. It is a waste of time, energy and money to allow two cases involving the same issues to exist simultaneously in different District Courts. Bell Telephone Laboratories, Inc., 630 F. Supp. at 378. The same reasoning should apply with respect to Rule 14(a). It simply does not make sense to waste the time and resources of the court when American could easily amend its complaint to file a direct claim against Rietdorf in the original action.

In the alternative, American should have filed its claim against Rietdorf in American Employers' Insurance Co. v. SPX Corporation, et al. v. T.A. Rietdorf & Sons, Inc., C.A. No. 04-0178 SLR as a compulsory counterclaim. Under the Federal Rules of Civil Procedure, a counterclaim may be compulsory. Baker v. Gold Seal Liquors, Inc., 417 U.S. 467, 469 (1974). According to Rule 13(a), "a pleading shall state as a counterclaim any claim which at the time of serving the pleading the pleader has against any opposing party, if it arises out of the transaction or occurrence that is the subject matter of the opposing party's claim and does not require for its adjudication the presence of third parties of whom the court cannot acquire jurisdiction." F.R.C.P. 13(a). In order to determine whether a claim is compulsory pursuant to Rule 13(a), the issue is whether it bears a logical relationship to an opposing party's claim. Bell Telephone Laboratories, Inc. v. International Business Machines Corp., 630 F. Supp. 373, 378 (D. Del. 1984). A counterclaim is logically related to an opposing party's claim where the claims involve many of the same factual and legal issues or where they stem from the same basic controversy involved. Id.

The first to file rule is used to determine whether a claim should be adjudicated as a compulsory counterclaim. Internet Law Library, Inc. v. Southridge Capital Management, 208 F.R.D. 59, 64 (S.D.N.Y. 2002). When a party violates Rule 13(a) by bringing a second action instead of filing a compulsory counterclaim in the first action, the first suit should have priority, unless the circumstances are such that a second action would be more convenient or special circumstances exist which justify giving priority to the second action. Id. Further, the first to file rule provides that "federal courts of concurrent jurisdiction and equal rank should avoid: (1) duplication of efforts; (2) inconsistent rulings; and (3) the piecemeal resolution of issues that call for a uniform result." Hemmerich Industries, Inc. v. Courtland Manufacturing Co., Inc., 1988 WL 48574, *2 (E.D.Pa. 1988).

American's claim against Rietdorf is logically related to the Defendants claims in the original action as well as American's claims against the Defendants in that action because these claims arise from the same basic controversy and involve many of the same facts and legal issues. The claims stem from the March 29, 2002 fire. In addition, the theories of liability are the same. Therefore, the first to file rule is applicable, and as no special circumstances exist which would justify giving priority to the second action, the first action should take priority.

As American should have filed its claim against Rietdorf either under 14(a) or as a compulsory counterclaim under 13(a), its Complaint against Rietdorf should be dismissed pursuant to Rule 12.

WHEREFORE, Defendant T.A. Rietdorf & Sons, Inc. respectfully requests that this Honorable Court grant its Motion to Dismiss Plaintiff American Employers' Insurance Co.'s Complaint pursuant to Rule 12.

**CHRISSINGER & BAUMBERGER**

/s/ David L. Baumberger
David L. Baumberger, Esquire
Attorney I.D. #2420
Three Mill Road, Suite 301
Wilmington, DE  19806
(302)777-0100
Attorney for Defendant

DATED:  May 12, 2005