# EXHIBIT A

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

FILED
CLERK U.S. DISTRICT COURT
DISTRICT OF DELAWARE

2005 MAR 26 PM 2: 32

| | | |
|---|---|---|
| AMERICAN EMPLOYERS' INSURANCE COMPANY, as subrogee of College Book Stores of America<br>One Beacon Street<br>Boston, MA 02108 | : : : : : | CIVIL ACTION NO. 04-0178 |
| Plaintiff, | : : | |
| v. | : : : | |
| SPX CORPORATION<br>13515 Ballantyne Corporate Place<br>Charlotte, NC 28227 | : : : : | |
| -and- | : : | **AMENDED COMPLAINT** |
| UNITED DOMINION INDUSTRIES, INC.<br>13515 Ballantyne Corporate Place<br>Charlotte, NC 28227 | : : : : | |
| -and- | : : | |
| THE MARLEY COMPANY LLC<br>13515 Ballantyne Corporate Place<br>Charlotte, NC 28227 | : : : : | |
| -and- | : : | |
| THE MARLEY CORPORATION<br>2300 One First Union Center<br>301 S. College Street<br>Charlotte, NC 28203 | : : : : : | **JURY TRIAL DEMANDED** |
| -and- | : : | |
| MARLEY ENGINEERED PRODUCTS<br>470 Beauty Spot Road<br>Bennettsville, SC 29512 | : : : : | |
| Defendants. | : : | |

## AMENDED COMPLAINT

Plaintiff, American Employers' Insurance Company as subrogee of College Book Stores of America, by and through its attorneys, Cozen O'Connor, complaining of the Defendants, SPX Corporation, United Dominion Industries, Inc., The Marley Company LLC, The Marley Corporation and Marley Engineered Products, alleges the following:

### PARTIES

1. Plaintiff, American Employers' Insurance Company ("American Employers"), is a corporation organized and existing under the laws of the Commonwealth of Massachusetts with its principal place of business located at One Beacon Street, Boston, MA 02108.

2. At all times relevant hereto, American Employers was authorized to conduct business and issue policies of insurance in the State of Delaware.

3. At all times relevant hereto, American Employers insured the property of the College Book Stores of America ("Plaintiff's insured"), located at Widener University, 4723 Concord Plaza, Wilmington, DE ("the bookstore"), pursuant to a policy of insurance, policy no. ATR614466 ("the policy").

4. Defendant SPX Corporation is a corporation organized and existing under the laws of the State of Delaware with its principal place of business located at 13515 Ballantyne Corporate Place, Charlotte, NC 28227.

5. At all times relevant hereto, SPX Corporation was engaged in the business of, *inter alia,* designing, manufacturing, distributing, selling and supplying heating and cooling products, including, but not limited to electric baseboard heaters.

6. Defendant United Dominion Industries, Inc is a corporation organized and existing under the laws of the State of Delaware with its principal place of business located at 13515 Ballantyne Corporate Place, Charlotte, NC 28227.

7. At all times relevant hereto, United Dominion Industries, Inc. was engaged in the business of, *inter alia,* designing, manufacturing, distributing, selling and supplying heating and cooling products, including, but not limited to electric baseboard heaters.

8. Defendant The Marley Company LLC is a corporation organized and existing under the laws of the State of Delaware with its principal place of business located at 13515 Ballantyne Corporate Place, Charlotte, NC 28227.

9. At all times relevant hereto, The Marley Company LLC was engaged in the business of, *inter alia,* designing, manufacturing, distributing, selling and supplying heating and cooling products, including, but not limited to electric baseboard heaters.

10. Defendant The Marley Corporation is a corporation organized and existing under the laws of the State of South Carolina with its principal place of business located at 2300 One First Union Center, 301 S. College Street, Charlotte, NC 28203

11. Defendant The Marley Corporation is a subsidiary of Defendant United Dominion Industries, Inc.

12. At all times relevant hereto, The Marley Corporation was engaged in the business of, *inter alia,* designing, manufacturing, distributing, selling and supplying heating and cooling products, including, but not limited to electric baseboard heaters.

13. Defendant, Marley Engineered Products is a South Carolina business entity with its principal place of business located at 470 Beauty Spot Road, Bennettsville, SC 29512.

14. At all times relevant hereto, Defendant Marley Engineered Products was a division of The Marley Corporation.

15. At all times relevant hereto, Marley Engineered Products was engaged in the business of, *inter alia,* designing, manufacturing, distributing, selling and supplying heating and cooling products, including, but not limited to electric baseboard heaters.

16. Hereinafter, Defendant SPX Corporation, Defendant United Dominion Industries, Inc., Defendant The Marley Company LLC, Defendant The Marley Corporation and Defendant Marley Engineered Products will be collectively referred to as the Defendants.

## JURISDICTION AND VENUE

17. The jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1332(a) as there is diversity of citizenship between Plaintiff and the Defendants and the amount in controversy exceeds, exclusive of interest and costs, the sum of One Hundred Thousand Dollars ($100,000.00).

18. Venue is proper pursuant to 28 U.S.C. § 1391 as the subject property is located in this district and the incident giving rise to this litigation occurred in this district.

## FACTUAL ALLEGATIONS

19. Prior to March 29, 2002, the Defendants designed, manufactured, distributed, sold and supplied a Qmark electric baseboard heater, model number QMK2545W ("the heater") that was installed in the bookstore on or about February 6, 2002.

20. At the time of sale, the heater was in a dangerously defective condition.

21. On or about March 29, 2002, a fire occurred in the bookstore.

22. The fire originated in the heater and was caused by a defective and unreasonably dangerous condition existing within the heater.

23. The fire caused substantial damage and destruction to Plaintiff's insured's property.

24. Pursuant to the terms of the policy, American Employers made payments to its insured in an amount in excess of Four Hundred and Fifty Thousand Dollars ($450,000.00).

25. American Employers is now subrogated to the rights of its insured to the extent of the payments made pursuant to the policy of insurance, together with interest and costs.

## COUNT I
## NEGLIGENCE

26. Plaintiff incorporates paragraphs "1" through "25" inclusive with the same force and effect as if the same were fully set forth herein at length.

27. The incident referred to in paragraph "21" and the resulting damages were caused by the negligence, gross negligence, carelessness, recklessness and/or negligent acts and/or omissions of the Defendants, their agents, servants and/or employees acting within the course and scope of their employment, both generally and in the following particulars:

    (a) improperly designing, engineering, manufacturing, assembling, inspecting, testing, selling, supplying, distributing and/or placing into the stream of commerce the heater, which they knew or should have known was defective and unreasonably dangerous in nature and design;

    (b) failing to adequately, properly and safely inspect the heater, which inspections would have revealed the existence of the defective and dangerous condition;

    (c) failing to adequately, properly and safely test the heater, which tests would have revealed the existence of the defective and dangerous condition;

    (d) failing to make the necessary corrections and/or adjustments to the heater prior to the fire, which corrections and/or adjustments would have remedied the defective and dangerous condition;

    (e) failing to hire and employ competent employees, agents and/or contractors;

    (f) failing to properly supervise and train their employees, agents and/or contractors;

    (g) failing to discover and correct a defective condition within the heater;

    (h) failing to safely, properly and adequately warn of the risks and dangers associated with the use of the heater, both prior to and subsequent to the sale of the heater; and

    (i) otherwise, failing to use reasonable and due care under the circumstances.

28. As a direct and proximate result of the aforementioned acts and omissions of the Defendants, American Employers suffered substantial damages.

5

WHEREFORE, American Employers demands that judgment be entered in its favor and against defendant the Defendants in an amount in excess of Four Hundred and Fifty Thousand Dollars ($450,000.00), the exact amount of which will be proven at trial, together with interest and the costs of this action.

## COUNT II
## STRICT LIABILITY

29. Plaintiff incorporates by reference paragraphs "1" through "28" inclusive as though fully set forth herein.

30. The Defendants designed, fabricated, manufactured, produced, assembled, distributed, sold, supplied, delivered, and placed into the stream of commerce the heater.

31. The heater was unreasonably dangerous and unsafe for its intended use by reason of defects, which existed when the Defendants placed the heater into the stream of commerce.

32. American Employers and Plaintiff's insured were unaware of the defective condition of the heater prior to the fire and were unaware that the product was unreasonably dangerous.

33. At all times relevant hereto, the heater was used in a reasonably foreseeable manner and as intended by the Defendants.

34. The Defendants never warned American Employers and/or Plaintiff's insured of the unreasonable dangers inherent in the use of the product and the defects existing within the heater.

35. As a direct and proximate result of the defective condition of the heater, American Employers suffered substantial damages.

36. The Defendants are strictly liable for the aforementioned fire and resulting damages pursuant to Restatement (Second) of Torts §402(a), et seq. for designing,

manufacturing, supplying and selling a defective product unreasonably dangerous to the public and for failing to provide adequate warnings.

WHEREFORE, American Employers demands that judgment be entered in its favor and against the Defendants in an amount in excess of Four Hundred and Fifty Thousand Dollars ($450,000.00), the exact amount of which will be proven at trial, together with interest and the costs of this action.

## COUNT III
## BREACH OF EXPRESS AND IMPLIED WARRANTIES

37. Plaintiff incorporates paragraphs "1" through "36" inclusive with the same force and effect as if the same were fully set forth herein at length.

38. In selling, supplying, distributing and/or placing into the stream of commerce the heater, the Defendants expressly and/or impliedly warranted that its product was of good and merchantable quality, safe and fit for the purpose for which it was intended and free of defects.

39. The incident referred to in paragraph "21" and the consequent damages sustained by American Employers were caused by the Defendants' breach of the aforesaid express and/or implied warranties.

40. As a direct and proximate result of the Defendants' breach of warranties, American Employers suffered substantial damages.

WHEREFORE, American Employers demands that judgment be entered in its favor and

against the Defendants in an amount in excess of Four Hundred and Fifty Thousand Dollars ($450,000.00), the exact amount of which will be proven at trial, together with interest and the costs of this action.

Dated: March 26, 2004

                        Respectfully submitted,

                        COZEN O'CONNOR

BY: _____
       Sean Bellew (No. 4072 )
       Chase Manhattan Centre
       1201 North Market Street, Suite 1400
       Wilmington DE  19801
       302-295-2000

       Attorneys for Plaintiff

Of Counsel:
COZEN O'CONNOR
Peter G. Rossi, Esquire
1900 Market Street
Philadelphia, PA  19103
215-665-2783