IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

AMERICAN EMPLOYERS' INSURANCE          :
COMPANY, as subrogee of College Book   :
Stores of America                      :
One Beacon Street                      :
Boston, MA  02108                      :
                                       :
            Plaintiff,                 :
                                       :    C.A. No. 05-063-SLR
      v.                               :
                                       :
T.A. RIETDORF & SONS, INC.             :
P.O. Box 1528                          :
Wilmington, DE  19899                  :
                                       :
            Defendant.                 :

### PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANT T.A. RIETDORF & SONS, INC.'S MOTION TO DISMISS

Plaintiff, American Employers' Insurance Company as subrogee of College Bookstores of America ("American") submits this Memorandum in Opposition to Defendant T.A. Rietdorf's & Sons, Inc.'s ("Rietdorf") Motion to Dismiss.

### I.    FACTS AND PROCEDURAL HISTORY

This case arises out of March 29, 2002, fire at the Widener University School of Law bookstore leased by American's insured, College Bookstores of America.  Plaintiff contends that the fire was caused by a failure of an electrical baseboard heater which was installed by Rietdorf approximately one month prior to the fire.

On March 26, 2004, plaintiff filed an Amended Complaint against the manufacturer of the electrical baseboard heater, SPX Corporation, the Marley Company, LLC, *et al.*, under Civil Action No. 04-178-SLR.  On June 9, 2004, defendant Marley filed a third-party complaint against Rietdorf alleging, *inter alia*, that Rietdorf negligently installed the subject electrical baseboard heater. (Third Party Complaint of Defendant/Third Party Plaintiffs, SPX Corporation,

United Dominion Industries, Inc., the Marley Company, LLC, and Marley Engineered Products SPX Corporation and Marley Corporation attached hereto as Exhibit "A").

Plaintiff filed a Complaint against defendant Rietdorf on February 4, 2005, which was served on February 7, 2005. (D.I. 1, 3). Plaintiff specifically identified the Complaint as related to Case Number 04-178-SLR (Plaintiff's action against Marley). (Plaintiff's Civil Cover Sheet Section VIII, attached hereto as Exhibit "B"). Counsel for Plaintiff advised the defense of its intention to consolidate this action with the other pending matters due to the similarity of issues, the fact that no additional discovery will be required, the pending trial will not be delayed and a full and final disposition against Rietdorf will be insured.

Plaintiff made several requests to Rietdorf to answer the subject Complaint in order to consolidate this action with the other case. Rather than file its answer in a timely manner, defendant Rietdorf chose to wait well-past February 27, 2005 to file this Motion to Dismiss.[1]

Rietdorf moves to dismiss the Complaint because it will "waste the time and resources of the court when American could easily amend its complaint to file a direct claim against Rietdorf in the original action." (Defendant's Memorandum of Law at p. 3). Rietdorf does not advise the Court that in January 2005, plaintiff had sought the consent of Rietdorf's counsel to the filing of a Rule 14(a) complaint. (*See* Exhibit C). Rietdorf's counsel never responded and thus plaintiff filed this action.

The parties, including Rietdorf, have conducted extensive discovery in the related matter which, pursuant to this Court's Scheduling Order, closes on May 31, 2005. Also, the parties will conduct a mediation of all matters June 30, 2005. The trial in the related matter is scheduled to take place before this Court on October 3, 2005. (Scheduling Order attached hereto as Exhibit "D").

---

[1] As a matter of professional courtesy, plaintiff did not file a Motion for Default against defendant Rietdorf pursuant to Federal Rule of Civil Procedure 55 for failing to answer the instant action within twenty days (20) allotted by Fed. R. Civ. P. 12 (a)(1)(A).

2

To date, the parties have deposed eight (8) fact witnesses in the related matter; have exchanged expert disclosures and reports pursuant to Rule 26 (a)(2) (due May 31, 2005); exchanged comprehensive document discovery; and answered interrogatories from both defendants. Plaintiff agrees and will request that the discovery deadlines and trial date apply to its Complaint. It is not plaintiff's intention to inconvenience Rietdorf but to facilitate a full and final disposition of all matters.

The parties are in general agreement that a 120-volt electrical baseboard heater was installed to a 208-volt electrical supply system at the bookstore. The parties also apparently agree that the 120-volt heater should not have been so installed. Rietdorf contends that Marley placed the wrong identification sticker on the 120-volt heater which led the Rietdorf employee/installer to believe he was installing a 208-volt heater to a 208-volt electrical supply system. Marley denies Rietdorf's claim. Rietdorf's disputes the cause of the fire and its area of origin.

Rietdorf requests that Plaintiff's Complaint be dismissed pursuant to Fed. R. Civ. P. 12(b)(6) because: (1) the plaintiff should have amended its Complaint in the related case to include these claims; or (2) in the alternative, Plaintiff's claims should have been filed as a compulsory counterclaim pursuant to Rule 13(a).

## II.    LEGAL ARGUMENT

### A.    Defendant Concedes That Plaintiff has a Cognizable Claim and Therefore This Court Should Deny Defendant's Motion Under Federal Rule of Civil Procedure 12(b)(6) to Dismiss Plaintiff's Complaint.

Defendant argues that plaintiff's complaint should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6) but the crux of defendant's argument is not that plaintiff has failed to state a claim, but that plaintiff's claims should be litigated in the related case pending before this Court. The standard for a Motion to Dismiss pursuant to Rule 12(b)(6) is well-settled:

3

> In citing of Rule 12(b)(6) Motion to Dismiss for failure to state a
> cause of action, the factual allegations in the Complaint are to be
> accepted as true. *The Complaint should be dismissed only if it is
> clear that no relief could be granted under any set of facts that
> could be consistent with the allegations.*

*Murphy v. Abbott Laboratories*, 930 F. Supp. 1030, 1085 (E.D. Pa. 1996) (emphasis added);

*Hishon v. King, Spalding*, 467 U.S. 69 (1984). The Court is to draw all reasonable inferences

from the allegations contained in the Complaint, and view them in the light most favorable to the

plaintiff. *Id.*; *Rocks v. City of Philadelphia*, 868 F.2d 644 (3d Cir. 1989); The standard for

review of a Motion to Dismiss pursuant to Rule 12(b)(6) is strict, such motions are disfavored by

the Courts and seldom granted. *Collins v. Morgan Stanely Dean Witter*, 224 F.3d 496 (5th Cir.

2000). Insofar as the Motion to Dismiss is not a procedure for resolving a contest about the facts

or merits of a case, the moving party must demonstrate the plaintiff cannot prove any set of facts

that would entitle it to relief in order to prevail. *Bowing Constitution Bank v. DiMarco*, 815 F.

Supp. 154 (E.D. Pa. 1993).

The defendant does not argue that plaintiff's complaint fails to state a claim upon which

relief can be granted. In fact, the defendant implicitly acknowledges the validity of plaintiff's

claims by arguing that plaintiff should amend its complaint in the other action to include these

direct claims against Rietdorf. Defendant asks this Court to interpret Rule 12(b)(6) to require

dismissal of an action when it would serve the interests of judicial economy and efficiency. This

is not the purpose for Rule 12(b)(6). Moreover, plaintiff's complaint will not cause judicial

inefficiency nor will it delay the final disposition of the related case. To the contrary, plaintiff

will file a motion to consolidate this case with the related matter pursuant to Fed. R. Civ. P. 42 as

soon as Rietdorf answers the Complaint. The consolidation of this case with the related matter

will not require additional discovery as all witnesses have been deposed, and discovery is

closed.[2]

---

[2] The pertinent Discovery with regard to Plaintiff's claims against Rietdorf took place after the
Court's deadline for amending the pleadings in the related matter which expired on September

4

Plaintiff has provided defendant Rietdorf with its expert disclosures detailing the cause of the subject fire and the dangerous fire hazard created when a heater is connected to an improper electrical supply. Defendants' expert disclosures are due on May 31, 2005, in the related matter. Finally, all parties have completed fact discovery pursuant to this Court's Scheduling Order.

Defendant Rietdorf has made no assertion that plaintiff's Complaint is without merit or is factually insufficient. Accordingly, this Court should deny the defendant's motion to dismiss under Rule 12 (b)(6).

### B.    Plaintiff's Claims Against Defendant Rietdorf Are Not Compulsory Counterclaims and Federal Rule of Civil Procedure 13(a) is Inapplicable.

Federal Rule of Civil Procedure 13(a) is wholly inapplicable to plaintiff's claims as plaintiff's claims are not counterclaims. Pursuant to Rule 13(a), a compulsory counterclaim is a claim that a party has "at the time that the party is to file his responsive pleading." *See Kane v. Magna Mixer Co.*, 71 F.3d 555, 562 (6th Cir. 1995) Rule 13(a) comes into play when a defendant fails to file a counterclaim against a plaintiff when answering a complaint or a third-party defendant fails to file a counterclaim against a third-party plaintiff when answering a third-party complaint. *See, e.g., Kane*, 71 F.3d 555; *J. Lyons & Co. Ltd. v. The Republic of Tea, Inc.*, 892 F. Supp. 486 (S.D.N.Y. 1995). By its terms Rule 13(a) applies to claims that a pleader has against any "opposing party" implying that a counterclaim is a responsive pleading. Until this Complaint was filed the Plaintiff and Reitdorf were not opposing parties.

Plaintiff's claims against Rietdorf are not counterclaims, they are original claims. Plaintiff did not file a claim against Rietdorf in the related action and Rietdorf did not bring a claim against plaintiff in that case. Accordingly, Rule 13(a) is inapplicable. Again, plaintiff will file a Motion to Consolidate this action with the related matter. Practically, defendant Rietdorf will have to defend the related matter even if this Complaint is dismissed and should therefore

---

30, 2004. There is no practical difference between consolidating the current action or, as the defendant suggests, amending the related action pursuant to Rule 14(a).

5

not object to both cases being consolidated and resolved by one jury trial.  None of the parties

anticipate any additional discovery or Court intervention.  Dismissing the Complaint will create

additional motion practice rather than allowing the actions to be consolidated and adjudicated.

Once consolidated, the parties will be able to resolve the merits of both cases simultaneously and

in no way contravene the purpose of Rule 13(a).

## III.    CONCLUSION

For all of the foregoing reasons, plaintiff, American Employers' Insurance Company, as

subrogee of College Bookstores of America, respectfully requests that this Court deny Defendant

T.A. Rietdorf & Sons, Inc.'s Motion to Dismiss.


Dated: May 31, 2005

David A. Felice

Sean J. Bellew (#4072)
David A. Felice (#4090)
Chase Manhattan Centre
1201 North Market Street, Suite 1400
Wilmington DE  19801
Telephone:  (302) 295-2000
Facsimile:  (302) 295-2013
    *Attorneys for Plaintiff*


Of Counsel:
Peter G. Rossi, Esquire
Cozen O'Connor
1900 Market Street
Philadelphia, PA  19103
Telephone:  (215) 665-2783
Facsimile:  (215) 665-2013

WILM1\30605\1 123111.000