# EXHIBIT A

JUN.22'2004 14:14   302 295 2013          COZEN OCONNOR                    #1593 P.001

UNITED STATES DISTRICT COURT
DISTRICT OF DELAWARE

| | | |
|---|---|---|
| AMERICAN EMPLOYERS' INSURANCE COMPANY, as subrogee of College Book Stores of America | : : : : | |
| Plaintiff, | : | Civil Action No. 04-178 |
| v. | : : | |
| UNITED DOMINION INDUSTRIES, INC., THE MARLEY CORPORATION and MARLEY ENGINEERED PRODUCTS, SPX CORPORATION AND MARLEY CORPORATION | : : : : : | TRIAL BY JURY OF TWELVE DEMANDED |
| Defendants/Third Party Plaintiffs, | : | |
| v. | : | |
| T.A. RIETDORF & SONS, INC., | : | |
| Third Party Defendant. | : : | |

THIRD PARTY COMPLAINT OF DEFENDANTS/THIRD PARTY PLAINTIFFS, SPX CORPORATION, UNITED DOMINION INDUSTRIES, INC., THE MARLEY COMPANY LLC AND MARLEY ENGINEERED PRODUCTS, SPX CORPORATION AND MARLEY CORPORATION

1. Plaintiff, American Employers' Insurance Company, Inc. filed an Amended Complaint in United States District Court for the District of Delaware naming United Dominion Industries, Inc., The Marley Company LLC and Marley Engineered Products, SPX Corporation and Marley Corporation, LLC, as defendants in a property damage action. Attached hereto as Exhibit "A" is a true and correct copy of plaintiff's Amended Complaint.

JUN.22'2004 14:15  302 295 2013        COZEN OCONNOR                    #1593 P.002

2. Defendants/third party plaintiffs have filed a Second Amended Answer to plaintiff's Amended Complaint. Attached hereto as Exhibit "B" is a true and correct copy of defendants'/third party plaintiffs' Second Amended Answer.

3. Plaintiff's Amended Complaint alleges among other things that, on March 29, 2002, a fire occurred in the bookstore at Widener University located at 4601 Concord Pike in Wilmington, Delaware.

4. Plaintiff alleges that the fire originated from an electric baseboard heater and that the fire was caused by a defective and unreasonably dangerous condition existing within the heater.

5. Plaintiff further alleges that defendants/third party plaintiffs designed, manufactured, distributed, sold and supplied the heater at issue which was allegedly installed in the bookstore on February 6, 2002.

6. Third party defendant, T.A. Rietdorf & Sons, Inc., is a corporation organized and existing under the laws of the State of Delaware with a business address of P.O. Box 1528, Wilmington, Delaware 19899.

7. Third party defendant, T.A. Rietdorf & Sons, Inc., is subject to service of process by serving its registered agent at Delaware Corporate Services, Inc., located at 222 Delaware Avenue, Wilmington, Delaware 19801.

8. Third party defendant, T.A. Rietdorf & Sons, Inc., installed the heater at issue in plaintiff's bookstore on or about February 5 and 6, 2002.

9. During its work, third party defendant, T.A. Rietdorf & Sons, Inc., installed the heater at issue whose electrical system was inappropriate for the building's electrical system.

10. Because the heater was inappropriate for the application, a fire took place.

11. Without admission of any averments contained in plaintiff's Amended Complaint, defendants/third party plaintiffs incorporate by reference all the factual averments in said Amended Complaint.

12. Without admission of any averments contained in plaintiff's Amended Complaint, defendants/third party plaintiffs allege that, if the damages alleged are proven to be true in whole or part, said damages resulted from acts and/or omissions from third party defendant, T.A. Rietdorf & Sons, Inc.

## COUNT I – NEGLIGENCE

13. Defendants/third party plaintiffs incorporate by reference herein the allegations contained in paragraphs 1 through 12 of this Third Party Complaint as though fully set forth herein.

14. At all relevant times hereto, third party defendant, T.A. Rietdorf & Sons, Inc., acted through its respective employees, agents, servants and/or workmen, each of whom was acting within the course and scope of his employment, and within the scope of his authority, subject to the control and direction and for the benefit of his principal and employer, third party defendant, T.A. Rietdorf & Sons, Inc.

15. Third party defendant, T.A. Rietdorf & Sons, Inc., owed a duty to exercise reasonable care and skill in purchasing and/or installing the subject heater so as to avoid an unreasonable risk of property damage or economic loss.

16. If the heater at issue was responsible for the fire alleged in plaintiff's Amended Complaint, which defendants/third party plaintiffs specifically deny, any resulting damages sustained by plaintiff were due to the negligence and/or carelessness and/or recklessness of third

party defendant, T.A. Rietdorf & Sons, Inc., who directly and by and through its employees, agents, servants and/or contractors breached its duty in the following ways:

    a.    Failing to properly and safely inspect the building where the heater was being installed to ensure that the heater was appropriate for the area;

    b.    Failing to properly and safely inspect the heater to ensure that the heater was in an appropriate location;

    c.    Failing to follow directions regarding application of the heater;

    d.    Failing to ensure that the electrical systems of the building and the heater were compatible;

    e.    Failing to adequately, properly and safely install the heater;

    f.    Failing to hire competent employees or agents or contractors;

    g.    Failing to properly supervise and train its employees or agents or contractors;

    h.    Purchasing and installing the heater in a building where the electrical system was not compatible with the heater;

    i.    Otherwise failing to use reasonable care under the circumstances.

17.    If the allegations in plaintiff's Amended Complaint are proven to be true, the aforesaid negligence was the direct and proximate cause of plaintiff's alleged damages.

18.    If the allegations in plaintiff's Amended Complaint are proven to be true, defendants/third party plaintiffs aver that third party defendant, T.A. Rietdorf & Sons, Inc., is solely liable to plaintiff, or is jointly and severally liable with defendants/third party plaintiffs and/or liable over to defendants/third party plaintiffs for indemnification and/or contribution on plaintiff's cause of action, the existence of any liability on the part of defendants/third party plaintiffs being expressly denied.

WHEREFORE, third party defendant, T.A. Rietdorf & Sons, Inc., is solely liable to plaintiff, or third party defendant is jointly and severally liable with defendants/third party plaintiffs and/or liable over to defendants/third party plaintiffs for indemnification and/or contribution on the cause of action set forth in plaintiff's Amended Complaint, and defendants/third party plaintiffs demand judgment against third party defendant with attorneys fees and costs.

### COUNT II – BREACH OF EXPRESS AND IMPLIED WARRANTY

18. Defendants/third party plaintiffs incorporate by reference herein the allegations contained in paragraphs 1 through 12 of this Third Party Complaint as though fully set forth herein.

19. Third party defendant purchased the heater at issue in this matter and installed it at the location where the fire giving rise to the present case occurred.

20. Third party defendant did not properly install the heater.

21. In purchasing, supplying and/or installing the heater in question, third party defendant expressly and/or impliedly warranted that its workmanship was of good quality.

22. The fire giving rise to the present case and any damages allegedly sustained by plaintiff were caused by third party defendant's breach of such express and/or implied warranties.

23. If the allegations in plaintiff's Amended Complaint are proven to be true, defendants/third party plaintiffs aver that third party defendant is solely liable to plaintiff, or is jointly and severally liable with defendants/third party plaintiffs and/or liable over to defendants/third party plaintiffs for indemnification and/or contribution on plaintiff's cause of action, the existence of any liability on the part of defendants/third party plaintiffs being expressly denied.

WHEREFORE, third party defendant, T.A. Rietdorf & Sons, Inc., is solely liable to plaintiff, or third party defendant is jointly and severally liable with defendants/third party plaintiffs and/or liable over to defendants/third party plaintiffs for indemnification and/or contribution on the cause of action set forth in plaintiff's Amended Complaint, and defendants/third party plaintiffs demand judgment against third party defendant with attorneys fees and costs.

## COUNT III – BREACH OF CONTRACT

25. Defendants/third party plaintiffs incorporate by reference herein the allegations contained in paragraphs 1 through 12 of this Third Party Complaint as though fully set forth herein.

26. Third party defendant purchased and installed the heater at issue based on a contract with Widener University.

27. Third party defendant breached its contract with Widener University by negligently purchasing and/or installing the heater in question.

28. At all material times hereto, defendants/third party plaintiffs were direct and/or third party beneficiaries of third party defendant's work, and defendants/third party plaintiffs relied upon the expertise and experience of the third party defendant to purchase and install the heater in a proper and workmanlike manner.

29. Third party defendant's breach of contract to install said heater resulted in the fire referred to in plaintiff's Amended Complaint and caused any damages alleged by plaintiff.

30. As a direct or proximate result of the breach of contract alleged above, third party defendant is solely liable to plaintiff or jointly and severally liable with defendants/third party plaintiffs and/or liable over to defendants/third party plaintiffs for indemnification and/or

contribution on the cause of action set forth in plaintiff's Amended Complaint, the existence of any liability on the part of defendants/third party plaintiffs being expressly denied.

WHEREFORE, third party defendant, T.A. Rietdorf & Sons, Inc., is solely liable to plaintiff, or third party defendant is jointly and severally liable with defendants/third party plaintiffs and/or liable over to defendants/third party plaintiffs for indemnification and/or contribution for the cause of action set forth in plaintiff's Amended Complaint, and defendants/third party plaintiffs demand judgment against third party defendant with attorneys' fees and costs.

                                    MARSHALL, DENNEHEY, WARNER
                                    COLEMAN AND GOGGIN

                            BY: _____
                                    KEVIN CONNORS, ESQUIRE - #2135
                                    1220 Market Street, 5th Floor
                                    P.O. Box 8888
                                    Wilmington, DE 19801-8888
                                    (302) 552-4302
                                    Attorneys for Defendants/Third Party
                                    Plaintiffs

\15_A\LIAB\KJC\LLPG\226488\RMB\21070\00140

UNITED STATES DISTRICT COURT
DISTRICT OF DELAWARE

AMERICAN EMPLOYERS' INSURANCE
COMPANY, as subrogee of College Book
Stores of America

      Plaintiff,    :   Civil Action No. 04-178

  v.

UNITED DOMINION INDUSTRIES, INC.,   TRIAL BY JURY OF
THE MARLEY CORPORATION and     TWELVE DEMANDED
MARLEY ENGINEERED PRODUCTS,
SPX CORPORATION and
MARLEY CORPORATION, LLC,

      Defendants

## SECOND AMENDED ANSWER OF DEFENDANTS
## TO PLAINTIFF'S AMENDED COMPLAINT

Defendants, by and through their Attorneys, Marshall, Dennehey, Warner, Coleman & Goggin, file this Second Amended Answer to Plaintiff's Amended Complaint:

  1.  It is admitted that Plaintiff, American Employers' Insurance Company, is a corporation. Defendants are without sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 1 of Plaintiff's Amended Complaint.

  2.  Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 2 of Plaintiff's Amended Complaint.

  3.  Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 3 of Plaintiff's Amended Complaint.

  4.  Admitted.

5. Denied as stated. It is admitted only generally that, at certain periods of time, certain subsidiaries/divisions/businesses of SPX Corporation produced, in part, certain products which included heating and cooling products, including various electric baseboard heaters.

6. Denied.

7. Denied as stated. It is admitted only generally that certain subsidiaries/divisions/businesses of U.D.I. produced, in part, certain products which included heating and cooling products, including various electric baseboard heaters.

8. Admitted.

9. Denied as stated. It is admitted only generally that, at certain periods of time, The Marley Company, LLC produced, in part, certain products which included heating and cooling products, including various electric baseboard heaters.

10. Denied.

11. Denied.

12. Denied as stated. It is admitted only generally that, at certain periods of time, The Marley Company produced, in part, certain products, which included heating and cooling products, including various electric baseboard heaters. It is also denied that The Marley Company was known as the Marley Corporation.

13. Admitted.

14. Denied.

15. Denied as stated. It is admitted only generally that Marley Engineered Products produced, in part, certain products which included heating products, including various electric baseboard heaters. It is denied that Marley Engineered Products produced cooling products.

16. Admitted in part. Denied in part. It is admitted only that Plaintiff alleges that the individual named Defendants will, in its Amended Complaint, be referred to collectively as Defendants. It is denied that each of the named Defendants is at this time or was a legal entity, and it is denied that each of the entities named as Defendants is or was the same legal entity. Further, it is averred that reference to each of the named Defendants collectively as Defendants in Paragraphs 17-40 inclusive of Plaintiff's Amended Complaint is legally incorrect, misleading, confusing and fails to provide proper notice as required by the Federal Rules of Civil Procedure.

## JURISDICTION AND VENUE

17. Admitted in part. Denied in part. It is admitted only that Plaintiff alleges a basis for jurisdiction. The truth of the allegations of Paragraph 17 relating to diversity of citizenship and amount in controversy are denied.

18. Admitted.

## FACTUAL ALLEGATIONS

19. Denied.

20. Denied.

21. Admitted.

22. Denied.

23. Denied.

24. Defendants are without knowledge as to the truth or falsity of the allegations of Paragraph 24.

25. Denied.

## COUNT I

26.   Defendants incorporate by reference herein, as though fully set forth at length, their answers to Paragraphs 1 through 25 inclusive of Plaintiff's Amended Complaint.

27. (a) – (i) inclusive.   Denied.

28.   Denied.

WHEREFORE, Defendants demand judgment be entered in their favor on the cause of action alleged in *Count I*.

## COUNT II

29.   Defendants incorporate by reference herein, as though fully set forth at length, their answers to Paragraphs 1 through 28 inclusive of Plaintiff's Amended Complaint.

30.   Denied.

31.   Denied.

32.   Denied.

33.   Denied.

34.   Denied.

35.   Denied.

36.   Denied.

WHEREFORE, Defendants demand judgment be entered in their favor on the cause of action alleged in *Count II*.

## COUNT III

37.   Defendants incorporate by reference herein, as though fully set forth at length, their answers to Paragraphs 1 through 26 inclusive of Plaintiff's Amended Complaint.

38.   Denied.

39. Denied.

40. Denied.

WHEREFORE, Defendants demand judgment be entered in their favor on the cause of action alleged in *Count III*.

### Affirmative Defenses

#### FIRST AFFIRMATIVE DEFENSE

Plaintiff's Amended Complaint fails to state a cause of action upon which relief may be granted.

#### SECOND AFFIRMATIVE DEFENSE

The applicable Statute of Limitations may have expired prior to institution of this action.

#### THIRD AFFIRMATIVE DEFENSE

Defendants did not extend any warranties, express or implied, to Plaintiff.

#### FOURTH AFFIRMATIVE DEFENSE

Defendants did not breach any warranty or warranties that they may have extended.

#### FIFTH AFFIRMATIVE DEFENSE

Plaintiff has failed to provide Defendants with timely notice of any alleged defect or breach of warranty as required by law.

#### SIXTH AFFIRMATIVE DEFENSE

Any written warranty which may have been extended by Defendants, may have limited Plaintiff's remedies, barred certain or all of Plaintiff's remedies and/or claims for alleged damages and/or disclaimed implied warranties.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiff may have failed to properly preserve evidence and/or spoiliated evidence.

## EIGHTH AFFIRMATIVE DEFENSE

The product referred to in Plaintiff's Amended Complaint may not have been produced and/or sold by Defendants.

## NINTH AFFIRMATIVE DEFENSE

The product referred to in Plaintiff's Amended Complaint may have been misused.

## TENTH AFFIRMATIVE DEFENSE

If the product referred to in Plaintiff's Amended Complaint was a defective product, said product was not in defective condition unreasonably dangerous for its intended use when it left the possession of Defendants, and the condition of said product at that time was not a proximate cause of the alleged damages.

## ELEVENTH AFFIRMATIVE DEFENSE

Defendants were not negligent.

## TWELFTH AFFIRMATIVE DEFENSE

Plaintiff's claims may be limited or barred by comparative negligence.

## THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims may be barred by its assumption of the risk.

## FOURTEENTH AFFIRMATIVE DEFENSE

Any damages or losses to Plaintiff may have been caused by parties or conditions not under the control of Defendants and for whom Defendants were not responsible.

## FIFTEENTH AFFIRMATIVE DEFENSE

Delaware law is the applicable law for this case, and Plaintiff's claim based on strict liability is not permitted under Delaware law.

WHEREFORE, Defendants demand judgment in their favor.

MARSHALL, DENNEHEY, WARNER
COLEMAN AND GOGGIN

BY: /s/ Kevin J. Connors
KEVIN J. CONNORS
Attorney I.D. No. 2135
1220 Market Street – 5th Floor
Wilmington, DE 19801
Telephone: 302-552-4302
Fax: 302-651-7905
Attorney for Defendants,
United Dominion Industries, Inc.,
The Marley Corporation,
Marley Engineered Products,
SPX Corporation and Marley Company, LLC

DATED: June 9, 2004
\J5_A\LIAB\KJC\LLPG\224623\LA$\15000\15000

## CERTIFICATE OF SERVICE

I, KEVIN J. CONNORS, hereby certify that on June 9, 2004, I caused two copies of the foregoing SECOND AMENDED ANSWER OF DEFENDANTS TO PLAINTIFF'S AMENDED COMPLAINT, to be served by First Class U.S. Mail, postage pre-paid, on counsel for the parties at the following address:

Sean Bellew, Esquire
Cozen & O'Connor
Chase Manhattan Centre
1201 North Market Street, Suite 1400
Wilmington, DE 19801

                                  MARSHALL, DENNEHEY, WARNER
                                  COLEMAN AND GOGGIN

                        BY: _____
                             KEVIN J. CONNORS
                             Attorney I.D. No. 2138
                             1220 Market Street – 5th Floor
                             Wilmington, DE 19801
                             Telephone: 302-552-4302
                             Fax: 302-651-7905
                             Attorney for Defendants,
                             United Dominion Industries, Inc.,
                             The Marley Corporation,
                             Marley Engineered Products,
                             SPX Corporation and Marley Company, LLC

## CERTIFICATE OF SERVICE

I, KEVIN J. CONNORS, hereby certify that on June __18__, 2004, I caused two copies of the foregoing THIRD PARTY COMPLAINT OF DEFENDANTS/THIRD PARTY PLAINTIFFS, SPX CORPORATION, UNITED DOMINION INDUSTRIES, INC., THE MARLEY COMPANY, LLC AND MARLEY ENGINEERED PRODUCTS, SPS CORPORATION AND MARLEY CORPORATION to be served by First Class U.S. Mail, postage pre-paid, on counsel for the parties at the following address:

Sean Bellew, Esquire
Cozen & O'Connor
Chase Manhattan Centre
1201 North Market Street, Suite 1400
Wilmington, DE 19801

                        MARSHALL, DENNEHEY, WARNER
                        COLEMAN AND GOGGIN

BY: _____
     KEVIN J. CONNORS, ESQUIRE
     Attorney I.D. No. 2135
     1220 Market Street – 5th Floor
     Wilmington, DE 19801
     Telephone: 302-552-4302
     Fax: 302-651-7905
     Attorney for Defendants/Third
     Party Plaintiffs, United Dominion
     Industries, Inc. , The Marley
     Corporation, Marley Engineered
     Products, SPX Corporation and
     Marley Company, LLC

\\S_A\LIAB\KJC\LLPG\226488\RMB\21070\00140